### LEASE v. BARSCHALL et al.

(Circuit Court, N. D. Georgia, W. D. March 27, 1900.)

1. NATIONAL BANKS—STOCKHOLDERS' LIABILITY—ASSESSMENTS.

Under the national banking act (Rev. St. § 5151), requiring that the shareholders of every national bank shall be held individually responsible, equally and ratably, and not one for another, for all debts of the bank, to the extent of the amount of their stock, at the par value thereof, in addition to the amount invested in such stock, a stockholder cannot be required to make good the failure of another stockholder to pay his assessment; and, where an assessment has been made, it must be considered, for the purpose of making a second assessment, as if the entire assessment had been paid.

2. SAME—LOSS BY RECEIVER—ADDITIONAL ASSESSMENT.

Where stockholders of a national bank have paid an assessment to a receiver of the bank, the receiver becomes the trustee of the creditors; and any loss he may sustain by investments, in endeavoring to save the debts of the bank, cannot be charged to the shareholders, and made the subject of an additional assessment.

In Equity. On demurrer to cross bill.

Francis F. Oldham and U. V. Whipple, for complainant.
McNeil & Levy, C. E. Battle, Little & Burts, Henry B. Tompkins, and James L. Willis, for defendants.

NEWMAN, District Judge. A bill in equity was filed by William Lease, receiver of the Chattahoochee National Bank, against Barschall and others, stockholders of said bank, to collect a second assessment of 39 per cent.; there having been a former assessment of 61 per cent. The defendants have answered and filed a cross bill. In the cross bill, among other things, it is alleged that $14,802.17 of the amount sought to be collected is to make good the failure of stockholders to pay the amount of the former assessment. The national banking act (Rev. St. § 5151) provides that:

"The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

No shareholder, it will be seen, can be required to make good the failure of another shareholder to pay the amount of his assessment; and, where an assessment of $61,000 is made, it must be considered, for the purpose of making another assessment, as if the entire $61,000 had been paid.

In U. S. v. Knox, 102 U. S. 422, 26 L. Ed. 216, in the opinion by Mr. Justice Swayne, the supreme court states the rule in reference to the assessment of stockholders as follows:

"In the process to be pursued to fix the amount of the separate liability of each of the shareholders, it is necessary to ascertain (1) the whole amount of the par value of all the stock held by all the shareholders; (2) the amount of the deficit to be paid after exhausting all the assets of the bank; (3) then to apply the rule that each shareholder shall contribute such sum as will bear the same proportion to the whole amount of the deficit as his stock bears to the whole amount of the capital stock of the bank, at its par value. There is a limitation of this liability. It cannot, in the aggregate, exceed the entire amount of the par value of all the stock."

As to the right of stockholders in case an attempt is made to assess them in violation of this rule, this is stated:

"Although assessments made by the comptroller under the circumstances of the first assessment in this case, and all other assessments, successive or otherwise, not exceeding the par value of all the stock of the bank, are conclusive upon the stockholders, yet if he were to attempt to enforce one made, clearly and palpably, contrary to the views we have expressed, it cannot be doubted that a court of equity, if its aid were invoked, would promptly restrain him by injunction."

It appears further from the cross bill that the receiver lost a large amount in endeavoring to save debts of the bank, by investing in various properties,—a brewery, a coal mine, and an orange grove,—and that it is attempted to make this good, also, by this additional assessment against the stockholders. It is clear that, after money has been paid by the stockholders into the hands of the receiver of a national bank, the receiver becomes the trustee of the creditors, and any loss he may sustain, however honest his endeavor to benefit the creditors of the bank, cannot be charged to the shareholders, and made the subject of additional assessment. In Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059, it is said that the receiver of a national bank takes the assets in trust for the creditors.

It is unnecessary to determine now whether or not the comptroller of the currency can make a second assessment, but, if this right be conceded, the demurrer to the cross bill admits too much to justify the court in sustaining it and dismissing the cross bill. On the authority of U. S. v. Knox, supra, I am satisfied that the demurrer to the cross bill in this case should be overruled, and the case set down for hearing on the pleadings, and such additional pleadings as may be filed and on such proper proof as may be submitted.